IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NICHOLAS DEONTE JOHNSON, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:08-CV-030-A |
| § | |
| NATHANIEL QUARTERMAN, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| RESPONDENT. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## FINDINGS AND CONCLUSIONS

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody.

B.  PARTIES

Petitioner Nicholas Deonte Johnson, TDCJ-ID #1314913, is confined by the Texas Department of Criminal Justice, Institutional Division, in the Connally Unit in Kenedy, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.    PROCEDURAL HISTORY

On June 18, 2002, Johnson was indicted in Tarrant County, Texas, in Cause No. 0846307D and Cause No.0846308D for aggravated assault with a deadly weapon. (I Clerk's R. 2,7; II Clerk's R. 2,7.)[1] In July 2002, the State offered Johnson a twenty-year plea bargain for each offense, which he waited until 2005 to refuse. *Johnson v. State*, Nos. 2-05-205-CR, 2-05-206-CR, 2006 WL 2578033, at *1 (Tex. App.–Fort Worth June 22, 2006)(abatement order).  On January 29, 2004, Johnson filed motions in each case for a speedy trial, but never obtained a hearing or a ruling on the motions. (I Clerk's R. 9-12; II Clerk's R. 9-12); *Johnson*, 2006 WL 2578033 at *1.

On May 27, 2004, Johnson filed a motion for a competency examination. On July 7, 2004, the trial court found Johnson was mentally incompetent to stand trial and ordered him committed to a hospital. (I Clerk's R. 33-34; II Clerk's R. 26-27.) By letter filed with the trial court on August 19, 2004, the hospital informed the court that Johnson had been evaluated and was competent to stand trial. (I Clerk's R. 36; II Clerk's R. 29.) On August 19, 2004, the trial court also informed Johnson that, unless he objected, the trial court had the authority to make a competency determination based solely upon the hospital report. (I Clerk's R. 42.) *See* TEX. CODE CRIM. PROC. ANN. art. 46B.084(a) (Vernon 2006). The record does not show that Johnson objected or that the trial court made a contemporaneous finding of Johnson's competency based on the hospital's letter. On September 20, 2004, the court denied Johnson's pending motions for sanity and competency examinations. (I Clerk's R. 54; II Clerk's R. 40-41.)

---

[1] References to the Clerk's Record in cause number 0846307D are designated as "(I Clerk's R. ___)." References to the Clerk's Record in cause number 0846308D are designated as "(II Clerk's R. ___)."

On December 3, 2004, Johnson again filed motions for a sanity examination and a competency examination. (I Clerk's R. 58-59; II Clerk's R. 47.) On December 6, 2004, the trial court granted both motions. (I Clerk's R. 60-61; II Clerk's R. 45.) A court-appointed psychologist filed a report on December 17, 2004, that only addressed Johnson's mental state at the time of the offense, with the conclusion that Johnson was sane at the time. (I Clerk's R. 63-66; II Clerk's R. 48-51.) A handwritten note from the psychologist to the trial court explained that Johnson agreed to forego the competency evaluation because he had just completed such an evaluation at the hospital. (I Clerk's R. 67-68; II Clerk's R. 52-53.)

On January 18, 2005, the State again offered a twenty-year plea bargain for each offense, which Johnson denied. *Johnson*, 2006 WL 2578033 at *1. The case then proceeded to trial without any further findings on Johnson's competency to stand trial; thus, the trial court's July 2004 finding that Johnson was incompetent remained the official finding at the time of trial. (I Clerk's R. 33-34; II Clerk's R. 26-27.) On May 24, 2005, Johnson was convicted of both aggravated assaults, with an affirmative deadly weapon finding for each offense, and was sentenced to two concurrent terms of twenty years' confinement. (I Clerk's R. 265; II Clerk's R. 258).

Johnson appealed both convictions on the grounds that he was incompetent to stand trial and was denied a speedy trial. On June 22, 2006, the Texas Court of Appeals overruled Johnson's speedy-trial complaint and abated the case so the trial court could determine Johnson's competency to stand trial at the time he was tried. *Johnson*, 2006 WL 2578033, at *5. On July 11, 2006, the trial court entered a retroactive finding that Johnson was competent to stand trial. (I Supp. Clerk's R. 3; II Supp. Clerk's R. 3.) The court of appeals affirmed the trial court's judgment on August 10, 2006, and the Texas Court of Criminal Appeals refused Johnson's petition for discretionary review.

*Johnson v. State*, Nos. 2-05-205-CR, 2-05-206-CR, 2006 WL 2310085, at *1 (Tex. App.–Fort Worth Aug. 10, 2006, pet. ref'd). Johnson did not file a state application for habeas relief. He filed his federal petition for writ of habeas corpus on January 18, 2008.

D.  ISSUES

Johnson complains that the state court erred in abating and remanding the case to the trial court for a retroactive determination of his competency to stand trial and that he was denied his constitutional right to a speedy trial.

E.  RULE 5 STATEMENT

Respondent agrees that both issues are timely filed and exhausted.

F.  LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The question is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold. *Schriro*

*v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). The state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

G.   DISCUSSION

    1.   Competency Determination

Johnson complains that the Texas Court of Appeals erred in abating the competency issue for a retrospective determination of his competence to stand trial. The court of appeals abated the issue and eventually denied Johnson's claim based on the trial court's retroactive determination that Johnson had been competent at the time of trial. *Johnson*, 2006 WL 2310085, at *1.

The trial and conviction of a defendant while he is mentally incompetent constitute a denial of due process. *See Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S.Ct. 1373, 1376, 134 L.Ed.2d 498 (1996). A defendant may not be tried unless he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him. *Id.* at 354, 116 S.Ct at 1377. A trial court must hold a competency hearing when there is evidence before the court that objectively creates a bona fide

question as to whether the defendant is competent to stand trial. *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 838 (1966); *Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir.1980).

Pursuant to the court of appeal's abatement order, the trial court held an evidentiary hearing fourteen months after Johnson's trial. *Johnson*, 2006 WL 2310085, at *1. A retrospective determination of whether a state prisoner was mentally competent to stand trial is not inherently improper. *See Lokos*, 625 F.2d at 1262 (holding that court must determine if adequate hearing is possible to determine competency retrospectively); *Carroll v. Beto*, 421 F.2d 1065 (5th Cir. 1970) (directing district court to determine if retrospective assessment of prisoner's competency to stand trial 22 years before the federal court evidentiary hearing was possible given record). But if a meaningful hearing cannot be held, then the conviction cannot stand and the writ of habeas corpus must issue. *See Lokos*, 625 F.2d at 1262; *Martin v. Estelle*, 583 F.2d 1373, 1374 (5th Cir. 1978).

There is no evidence that Johnson was not afforded a meaningful hearing on the retrospective question of his competency to stand trial at the time he was tried. The official hospital report from 2004 was sufficient as a matter of state law to support a finding of competency, and Johnson's conclusory assertions to the contrary do not rebut the presumption of correctness afforded to the state court's underlying findings of fact. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). In addition, conclusory allegations do not raise a constitutional issue in a habeas proceeding and are subject to summary dismissal. *Koch v. Puckett*, 907 F.2d 524, 529 (5th Cir. 1990); *Ross*, 694 F.2d at 1012; *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982). Johnson has not demonstrated that the state court's retroactive adjudication of his competency claim is contrary to or reflects an unreasonable application of clearly established federal law.

    2.    Speedy Trial

Johnson complains that he was denied a speedy trial. The Sixth Amendment guarantees the accused in a criminal prosecution the right to a speedy and public trial. U.S. CONST. Amend. VI; *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992). Johnson presented his speedy trial complaint to the state court, but was denied relief. *Johnson*, 2006 WL 2578033, at *4. Accordingly, the federal court cannot grant his petition unless the state court's decision was an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

Several factors are relevant in evaluating whether a defendant's right to a speedy trial has been abused: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the accused.[2] *Barker v. Wingo*, 407 U.S. 514,530, 92 S.Ct. 2182, 2191-92, 33 L.Ed.2d 101 (1972). Unless the length of the delay is presumptively prejudicial, there is no need to inquire into the other three factors. *See Doggett.*, 505 U.S. at 651-52, 112 S.Ct. at 2690-91. Generally, a delay of one year or more between the time of arrest or indictment, whichever occurs first, and the date of trial is sufficient to require a full analysis of all of the factors. *See Cowart v. Hargett*, 16 F.3d 642, 646 (5th Cir.1994). However, none of the factors alone is necessary or sufficient; rather, they are related and must be considered with other circumstances as may be relevant. *Goodrum v. Quarterman*, 547 F.3d 249, 257 (5th Cir. 2008). The right to a speedy trial attaches when a defendant is formally charged with a crime or actually restrained in connection with that crime. *Cowart*, 16 F.3d at 645. The presumption that pretrial delay has prejudiced the accused also intensifies over time. *See Doggett.*, 505 U.S. at 651-52, 112 S.Ct. at

---

[2] In its determination that Johnson was not denied his constitutional right to a speedy trial, the state appellate court applied the four-factor balancing test prescribed by the Supreme Court in *Barker v. Wingo*, albeit without citing the Supreme Court case by name. *Johnson*, 2006 WL 2578033, at *2. *See generally Cantu v. State*, 253 S.W.3d 273, 281 n. 16 (Tex.Crim.App. 2008)(recognizing that state court analyzes speedy-trial claims under the same four-factor test used by the Supreme Court).

2691. Johnson was indicted in June 2002 and tried in May 2005. (I Clerk's R. 2,7, 265; II Clerk's R. 2,7, 258.)  The state court recognized that a 35-month delay falls within the range of delay considered "presumptively prejudicial," and as such, weighed heavily against the State and triggered further review of Johnson's claim. *Johnson*, 2006 WL 2578033, at *2.

Regarding the reason for the delay, the state court pointed out that Johnson's requests for mental examinations and his confinement in a state hospital were valid reasons justifying the delay. *Johnson*, 2006 WL 2578033, at *2.  In addition, the record reflected that the State twice offered Johnson a plea-bargain agreement for twenty years' confinement in each case, which he did not reject until January 2005. *Id.*  Ongoing, good faith plea negotiations are a valid reason to delay trial. *See Millard v. Lynaugh*, 810 F.2d 1403, 1406 (5th Cir.1987). The state court found no evidence the delay was a deliberate attempt by the State to hamper the defense. *Johnson*, 2006 WL 2578033, at *2-3. Any deliberate attempt to delay the trial in order to hamper the defense would have weighed heavily against the government. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192.  The state court reasonably found much of the delay was justified under the record.

As for the defendant's assertion of his right, the evidence showed that Johnson did not invoke his right to a speedy trial until nineteen months after his indictment. *Johnson*, 2006 WL 2578033, at *3.  Johnson thereafter did not seek a hearing on the motions, raise them during the pretrial motions hearing, or obtain a ruling. *Id.*  The state court was also persuaded by the report of the psychologist who evaluated Johnson six months after he asserted his speedy trial rights and opined that Johnson was using the incompetency issue to avoid prosecution. *Id.*  The state court reasonably concluded that this factor did not weigh in Johnson's favor either.

Finally, in addressing the prejudice caused by the delay, the state court considered the interests that a speedy trial is designed to protect: 1) preventing oppressive pretrial incarceration; 2) minimizing the anxiety and concern of the accused; and 3) limiting the possibility that the defense will be impaired. *Johnson*, 2006 WL 2578033, at *3. *See Barker,* 407 U.S. at 532, 92 S.Ct. at 2193. Johnson was incarcerated while awaiting trial; however, he received time credits against his sentences. *Johnson*, 2006 WL 2578033, at *3. Credit for time served mitigates the oppressive effect of his pretrial incarceration. *Gray v. King*, 724 F.2d 1199, 1204 (5th Cir. 1984). Johnson also conceded that the hospital report showed he was attempting to avoid prosecution, not obtain a trial, and the state court observed that Johnson's letters to the trial court were an effort to remove his attorney, which would have required further delay, and did not reflect anxiety or concern about the delay of his trial. *Id.* The state court further found that Johnson failed to explain how his defense was impaired by the delay between indictment and trial. *Id.* Johnson merely relied on a general presumption that a lengthy delay adversely affects one's ability to mount a defense despite his acquiescence in much of the delay. *Id. See Goodrum*, 547 F.3d at 262 (finding vague and conclusory allegations that defense was impeded were insufficient to prove prejudice).

Consistent with Supreme Court precedent, the state appellate court then balanced all of the relevant factors, and after doing so, held that they weighed against finding Johnson's speedy-trial right had been violated. *Johnson*, 2006 WL 2578033, at *4. *See Barker*, 407 U.S. at 530-33, 92 S.Ct. at 2191-93 (recognizing that court must apply balancing test to assess merits of a speedy-trial claim). Although the delay itself raised a presumption that Johnson's right to a speedy trial right was jeopardized, the state court explained that the three remaining factors weighed against Johnson's argument. *Johnson*, 2006 WL 2578033, at *4. Johnson has not demonstrated that the state court's

ultimate decision to reject his claim represents an objectively unreasonable application of clearly established federal law. *See Goodrum*, 547 F.3d at 265-266 (disagreeing with state court's resolution of two of the *Barker v. Wingo* factors, but upholding state court's ultimate decision because federal court's review is limited to reasonableness rather than correctness of state court's decision); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir.2001)(noting that federal courts review reasonableness of the state court's ultimate decision, not every jot of its reasoning). Johnson is not entitled to federal habeas corpus relief for his allegation of a violation of his right to a speedy trial.

H.   EVIDENTIARY HEARING

Johnson has requested an evidentiary hearing.

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on–
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). *See also Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 1488, 146 L.Ed.2d 435 (2000). Even if Johnson can satisfy the statutory prerequisites, the decision to hold an evidentiary hearing is still subject to the district court's discretion. *See Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). When the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007). A district court abuses its

discretion in not holding an evidentiary hearing only if the state court failed to provide a full and fair hearing. *Hall v. Quarterman*, 534 F.3d 365, 368-69 (5th Cir. 2008).

Johnson does not contend or show that his claims rely on any new and retroactive rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence. He does not demonstrate that but for alleged constitutional error he would not have been found guilty, and the record also reflects that Johnson's claim were subjected to a full and fair hearing by the state courts. No evidentiary hearing is necessary.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied. The request for an evidentiary hearing should be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until April 23, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

-11-

from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until April 23, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED APRIL 2, 2009.


     /s/    Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE