Case 4:08-cv-00030-A   Document 41   Filed 05/07/09   Page 1 of 3   PageID 371

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 7 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICHOLAS D. JOHNSON, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-030-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Nicholas D. Johnson ("Johnson") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent.[1] This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 2, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any thereto, by April 23, 2009. Johnson timely filed written objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or

---

[1] Applicant refers to his application as a "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Johnson objects to the magistrate judge's conclusion that he is not entitled to federal habeas relief on the basis of his claim that his right to a speedy trial was violated. The basis of Johnson's objection is that the magistrate judge and the state courts gave too much weight to Johnson's conduct while balancing the factors relevant to whether his right to a speedy trial had been violated. Having reviewed this claim, the court concludes that Johnson has failed to show that the state court's decision was unreasonable.

Johnson also disagrees with the magistrate judge's conclusion that the state court's retroactive adjudication of his competency was not an unreasonable application of clearly established federal law. Having reviewed the record, the court is satisfied that this objection is without merit.

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that the Johnson's application for writ of habeas corpus pursuant to 28

U.S.C. § 2254 be, and is hereby, denied.

    SIGNED May 7, 2009.

_____
JOHN H. MCBRYDE
United States District Judge